**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

TOREY CORTEZ SMITH                                                              PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:12cv173-LRA

ALBERT E. BOUNDS, ET AL                                                     DEFENDANTS

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by

Defendant Katy Minor[1] and the Motion for Summary Judgment filed by Defendants Ben

Blaine, Albert E. Bounds, the Rankin County Sheriff's Department, and Johnthan

Slawson.[2]   The Court has considered all the pleadings and exhibits, Plaintiff Torey

Cortez Smith's sworn testimony given at the omnibus hearing, his medical records,[3] and

the applicable law.  This review compels the Court to find that the motions are

meritorious and should be granted.

1.    **<u>Facts</u>[4]**

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff was

incarcerated in the Rankin County Jail as a pretrial detainee beginning October 25, 2011,

and he was still in that facility as of February 23, 2012.  He has since been released.  He

was housed on lockdown beginning November 28, 2011, until December 28, 2011.  The

records indicate he was involved in jail incidents on his first day in lockdown and on his

---

[1]ECF No. 41.  Defendant Minor has also filed two Motions to Dismiss for Failure
to Prosecute, ECF Nos. 49 & 52.

[2]ECF No. 46.

[3]ECF No. 41-2, Exhibit B to Defendant Minor's Motion.

[4]The facts are taken primarily from Plaintiff's Complaint, his omnibus hearing
testimony, his jail and medical records, and are presented in a light most favorable to
Plaintiff.

last day.   Plaintiff contends the incident which spurred this lawsuit occurred December 27, 2011.

According to Plaintiff, on December 27, 2011, Defendant Bounds came into the housing unit and slapped him, dragged him out of the unit, and put him in another cell. Plaintiff asked for medical care but Bounds refused it.  Another officer came and took him to the medical unit, where Defendant Minor and a few other nurses were working. Plaintiff contends that Defendant Minor just "brushed it off" when he told her about the bruise on his face and gave him no treatment.

Plaintiff conceded that Bounds's slap was prompted by Plaintiff attempting to commit suicide by putting a large number of pills in his mouth.  Further, his only injuries were scratches on his face due to Bounds's watch scratching him in the incident.  He put cocoa butter on the scratches and they are healed; he has no permanent injuries from the incident except depression.

Plaintiff contends that later that night, other officers came to his isolation cell. Defendant Blaine pushed him, took his property, and would not let him go to medical. Defendant Slawson participated in this incident and punched him while he was cuffed. Lt. Van Horn pushed Slawson off Plaintiff; Plaintiff testified that he had no broken bones or other serious physical injuries due to this incident.  Plaintiff also charged that Defendant Blaine would not investigate his grievances.

Defendants presented Plaintiff's jail records which confirm that the only incident which occurred at the jail around the date in question happened at 7:50 a.m. on December 28, 2011, when Plaintiff began beating on his cell door and pulling on the lights in his cell.  He was ordered to stop and refused to do so.  According to the records, Officers King, Gailey, Vanhorn, Kirley, Cooper, along with Defendant Blaine, entered Plaintiff's cell.  They restrained him for 10 minutes and released him when he promised to stop tearing up his cell.

2

2.       **Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

3.   **Legal Analysis**

A.   **Defendant Minor**

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment; this standard also applies to pretrial detainees. *Hare v. City of Corinth, MS*, *on rehearing en banc,* 74 F.3d 633, 644-646 (5th Cir. 1996), *appeal on remand*, 35 F.3d 320 (5th Cir. 1998). Because Smith was a pretrial detainee during the time he was held in the Rankin County Jail, the Court has reviewed his claim under the Fourteenth Amendment. *Mayfeather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Cupit v. Jones*, 835 F.2d 82 (5th Cir. 1987). "[P]retrial detainees are entitled to reasonable medical care unless the failure to

supply that care is reasonably related to a legitimate governmental objective." *Cupit*, 835 F.2d at 85.

The medical care received by a pretrial detainee may be deemed objectively unreasonable where jail officials act "with subjective deliberate indifference to the detainee's rights." *Nerren v. Livingston Police Dep't.*, 86 F.3d 469, 473 (5th Cir. 1996). *Nerren* defined "subjective deliberate indifference" as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Id*.

The evidence submitted in support of the dispositive motion is replete with proof that Plaintiff received frequent and adequate medical care while he was housed in Rankin County. A health and mental status exam was performed on October 26, 2011, by Dr. McShan and Family Nurse Practitioner [FNP] Cooper. He was treated at a local hospital for a contusion on October 24, 2011. Labs were ordered by FNP Cooper on November 9, 2011, and again by Dr. Reddix on January 5, 2012. Plaintiff was examined by medical staff on January 17, 2012, for numbness and pain to his right side. On February 16, 2012, Dr. McShan examined him for complaints of lower abdominal cramps. Dr. McShan ordered ultrasound, requested old medical records, and prescribed Zantac. On February 23, 2012, Dr. Reddix ordered Tylenol cold/sinus medication and throat lozenges for Plaintiff.

The medical records submitted by Defendants cover the period from January 2008 to February 2012. They show that Defendant Minor only treated Plaintiff Smith on January 17, 2008, when he complained of a sore throat, and again on March 24, 2008, when he complained of a cold and a loss of appetite. The records do not confirm that Plaintiff was ever treated by Defendant Minor on December 27, 2011. The records indicate that on November 28, 2011, Plaintiff was seen by LPN Lavern Collum after he complained that he injured his wrist after a confrontation with another inmate and that he

4

had pain in his lower abdominal area and painful urination.  The records show Plaintiff was again seen by LPN Collum on December 28, 2011, when he complained of pain in his right side and in his chest.

To defeat a summary judgment motion, Smith must rely on specific evidence in the record and articulate the precise manner in which that evidence supports his claims. *Stults v. Conoco, Inc.,* 76 F.3d 651, 656 (5th Cir. 1996).  He cannot rely on unsubstantiated, conclusory assertions or merely present a scintilla of evidence.  *Fiesel v. Cherry,* 294 F.3d 664, 667 (5th Cir. 2002), *citing Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  Smith has not pointed to any objective medical evidence in his records which would support his claims that he suffered from a serious medical condition on the date in question and that Defendant Minor, or any other medical personnel, denied him care for that condition which was constitutionally inadequate.  The fact that Smith may not have been *satisfied* with the treatment or the type and amount of care he received while housed in Rankin County is not indicative of its "unreasonableness."  "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Smith's own testimony defies a finding of "indifference."  He admits that he had a scratch on his face that healed after treatment with cocoa butter.  Although he contends he suffered from depression, Defendant Minor was not responsible for mental health treatment.  Defendant Minor has presented records confirming that she did not even examine him after the incident in question.  It is unnecessary for this Court to make factual findings in this regard because Smith's testimony confirms that he received adequate medical care while housed in Rankin County.  Case law in the Fifth Circuit

5

confirms that a prisoner is not entitled to his *choice* of treatments.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006);  *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).  The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated.

This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate.  To prove  deliberate indifference, Smith must show that this Defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346.  The records rebut any showing of intentional mistreatment; Smith's complaints were addressed, not ignored, and there was no "refusal" to treat.

Based upon the unrebutted medical evidence, no constitutional claim has been stated, and the Court shall dismiss Smith's complaint with prejudice as to Defendant Minor, as well as the unserved Defendant Lavern.  They are also dismissed based upon Plaintiff's failure to exhaust his claims through the Rankin County grievance procedure.

### B.    Defendant Bounds

Plaintiff charges that Defendant Bounds slapped him when he put pills in his mouth in a suicide attempt.  Plaintiff concedes that the only injury he suffered from this was scratches on his face which soon healed.  Bounds was only attempting to remove the pills in his attempt to protect Plaintiff, and Plaintiff admitted this in the omnibus hearing. Under these circumstances, this charge fails to state a constitutional claim and shall be dismissed with prejudice.  Bounds is entitled to qualified immunity in this case "insofar as [his] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982).  "Qualified immunity provides government officials performing discretionary functions with a shield against civil damages liability, so long as their

actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert,* 463 F.3d at 345.  The immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 457 U.S. 335, 341 (1986).  To overcome the immunity, a plaintiff must show that there has been a violation of a clearly established federal constitutional or statutory right and that the official's actions violated that right to the extent that an objectively reasonable person would have known.  *Id.*, omitting citation.

Smith has not stated factual allegations which would overcome Defendant's qualified immunity, and the Complaint must be dismissed as against Bounds for this reason.  Defendant Bounds is also dismissed based upon Plaintiff's failure to exhaust his claims against him.

### C.    Defendants Blaine and Slawson

Plaintiff contends that Blaine pushed and hit him, took his property, and left him in the cell naked.  In his Complaint, he only charges that Blaine failed to investigate his grievances.  He asserts that Defendant Slawson punched him while he was cuffed.  The Court finds that these Eighth Amendment claims against Blaine and Slawson should be dismissed due to Plaintiff's failure to exhaust them through the administrative remedy program.  This is a situation where the claims may have been resolved without judicial intervention had Plaintiff used the administrative remedies.

Smith filed this complaint on March 12, 2012, but he did not file any sort of grievance until April 3, 2012, 22 days later.  Plaintiff admitted that he did not complete the grievance procedure at the Rankin County Jail **prior to** filing suit.   He admitted that he was familiar with the grievance procedure at the Rankin County Jail, a copy of which is attached to the Motion for Summary Judgment as Exhibit D [46-4].  According to Plaintiff, he tried to fax his grievance from the Flowood Municipal Court to the jail.

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." The Court did find that the failure to exhaust was an affirmative defense and prisoners were not required to plead exhaustion in the Complaint. *Id.* However, a case is still subject to dismissal where exhaustion is not pled. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

The PLRA governs all of Smith's claims. Accordingly, Plaintiff was required to complete the grievance procedure in its entirety before he is able to file suit under § 1983. The requirement of exhaustion applies regardless of Plaintiff's opinion on the efficacy of the institution's administrative remedy program. *Alexander v. Tippah County,*

8

*MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement."  *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).  In an earlier case, the Fifth Circuit had held that "a non-jurisdictional exhaustion requirement may, in certain rare instances, be excused."  *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998).  The Court in *Gonzalez* discussed the Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, finding that the ruling in *Underwood* was no longer valid.  Specifically, the Court found:

> After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory.  We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion.  District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.  It is irrelevant whether exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

In this case, Smith clearly did not exhaust his administrative remedies **before** filing this lawsuit, and the Court shall dismiss his Complaint on this basis as to Defendants Blaine, Slawson, and the Rankin County Sheriff's Department.[5]

---

[5]The Rankin County Sheriff's Department is not a separate legal entity capable of being sued since it is an extension of Rankin County.  *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989).

4.      **Conclusion**

The Court concludes that Defendants' Motions for Summary Judgment [41] [46] should be and are hereby granted, and the Complaint is dismissed as to all Defendants with prejudice.  For these reasons, Defendant Minor's Motions to Dismiss [49 & 52] are dismissed as moot.  Final Judgment in favor of all Defendants shall be entered on this date.

SO ORDERED, this the 4th day of September, 2013.


/s/ Linda R. Anderson
                     UNITED STATES MAGISTRATE JUDGE